IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2008 JAN 18 A 10: 39

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| CHRIS MILES, d/b/a <br> LA VEGAS <br>     Plaintiff, <br><br> v. <br><br> ALCAZAR SHRINERS, <br> SHRINERS OF NORTH AMERICA, <br> LEE SIMS, BUDDY HARTIN and <br> ROMAN HOCHHALTER <br>     Defendants. | Civil Case No. 2:08-CV-47 <br><br> Jury Trial Demanded |

## COMPLAINT

COMES NOW Plaintiff, by and through his attorney of record, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of 42 U.S.C. § 1981, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the doctrine of supplemental jurisdiction to obtain a judgment for compensatory and punitive damages. Defendants violated Plaintiff's rights as guaranteed by the Constitution of the United States, by Federal law, and by the laws and Constitution of 1901 of the State of Alabama.

2. The violations of Plaintiffs' rights as alleged herein occurred in Montgomery County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

## PARTIES

3. Plaintiff Chris Miles (hereinafter, "Miles") is over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama.

4. Defendant Alcazar Shriners (hereinafter, "Alcazar") is, to the best of Plaintiff's knowledge and belief, an eleemosynary and/or charitable and/or business entity doing business as the Alcazar Shrine Center, 555 East Blvd, Montgomery, Alabama, in the Northern Division of the Middle District of Alabama. Alcazar is being sued under 42 U.S.C. § 1981 for money damages and for breach of contract, negligence and wantonness under Alabama state law for money damages.

5. Defendant Shriners of North America (hereinafter, "Shriners International") is, to the best of Plaintiff's knowledge and belief, an eleemosynary and/charitable and/or business entity doing business as Shriners International, 2900 Rocky Point Drive, Tampa, Florida. Shriners International, the parent of Alcazar and the entity ultimately responsible for its policies and practices, is being sued under 42 U.S.C. § 1981 for money damages and for breach of contract, negligence and wantonness under Alabama state law for money damages.

6. Defendants Lee Sims, Buddy Hartin and Roman Hochhalter are all, to the best of Plaintiff's knowledge and belief, over the age of 19 years and at all times material hereto were citizens of the United States and the State of Alabama. At all times relevant to Plaintiff's complaint, Sims, Hartin and Hochhalter all held positions of authority and/or managerial titles bestowed by or granted by Alcazar. Sims, Hartin and Hochhalter are

2

being sued in their individual capacities for money damages.

## NATURE OF PROCEEDINGS

7. This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for injunctive and declaratory relief and compensatory and punitive damages for Plaintiff's suffering as a consequence of the wrongs alleged herein.

## FACTS

8. Miles expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

7. Alcazar is a creature of Shriners International which owns and operates the Alcazar Shrine Center in Montgomery, Alabama. The property in question consists of a facility called the "Red Fez" and another called simply the "Auditorium", both sited on the same premises at 555 East Boulevard Montgomery, Alabama.

8. Alcazar holds the properties open to the public for rental for private and public purposes such as gun-and-knife shows, parties, balls, corporate events, and the like.

9. At all times material hereto, Alcazar did not hold a premises liquor license.

10. Miles d/b/a "La Vegas", is involved in planning, coordinating and conducting social events and parties for members of the Hispanic and Latino community in central Alabama. Miles does so for income and profit.

11. Miles desired access to a facility at which he could stage his events on an ongoing basis.

12. On or about June 27, 2006, Miles entered into a "Facility Use" lease Agreement with

3

Alcazar by and through Buddy Hartin wherein, for a valuable consideration paid by Miles Alcazar agreed to lease it's Auditorium and/or Red Fez facilities to Miles so that Miles could sponsor and conduct a social event for members of the Hispanic and/or Latino communities which event was to be called "Latin la Noche" or "Latino Night". Defendants understood this when entering into said contractual facility use lease with Miles, and also knew that Miles was sponsoring and conducting said event as a business venture for economic profit. Said event was to take place on or about August 18, 2006.

13. Because said event would undoubtedly last beyond 12:00 midnight, Defendants advised Miles that he could use the facility past midnight until 2:00 a.m.

14. After Miles expended substantial sums of money to promote said event, including the hiring of employees, creating and selling tickets, making arrangements for entertainment food and party favors, purchasing signs and banners to promote the event and various other expenses and investments of time and energy, Defendants on or about August 16, 2006 refused to allow Miles to conduct said event maintaining that "we can't have this thing with damn Latinos, you are not going to have this event with no damn Latinos." Defendants canceled said facility lease agreement with Miles at that time and refused to allow Miles to conduct said event.

15. Upon information and belief, Miles complained to WSFA-TV about the cancellation, whereupon a news reporter contacted Sims. According to the reporter, Sims confirmed that he "didn't want the Latino community."

16. As a result of the Defendant's breach of said lease agreement, Miles suffered economic loss and damages, loss of business reputation in the Hispanic and Latino communities,

loss of future business income and severe emotional distress and anguish. In addition, Miles' ability to pursue business relations with members of the Hispanic and Latino communities have been irreparably damaged.

17. At all times material hereto, Miles had been ready and willing to perform under the contract he had with Alcazar and, by extension, with Shriners International.

18. Alcazar, Shriners International, Sims, Hartin and Hochhalter have committed a breach of the contract and/or wrongfully interfered in the lease contract between Alcazar and Miles.

19. The Defendants, with racially discriminatory intent, interfered with Miles' right to make and/or enforce contracts and/or conduct business with Latino or Hispanic persons and breached said facility use lease contract for racially discriminatory reasons - to prevent persons of the Hispanic and/or Latino race/ethnicity from participating in a social event at it's facility.

20. The said interference has been real and concrete, absolutely prohibiting Miles ability to contract with Latino or Hispanic persons and to conduct said event.

21. The said interference and breach was on the basis of race and/or Miles' association with members of the Hispanic and/or Latino race.

22. Miles has been damaged thereby.

## CAUSES OF ACTION

23. As to each of the counts herein below set forth, Kelsers expressly adopt as if fully set forth herein the allegations of the foregoing paragraphs.

## COUNT I – RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

24. Miles has, at all times material hereto, sought to make and form contracts with members of a protected class, Latino or Hispanic persons, and to provide social events for profit for said persons.

25. The Defendants interfered with Miles' ability to make and form the said contracts and to conduct said business relations because of race and/or Miles' association with and/or business relations with members of the Hispanic and/or Latino community.

26. The Defendants breached Miles' lease contract with Alcazar and Shriners International because of race and/or because of Miles' association and/or business relations with Hispanic and/or Latino persons.

27. Miles has been damaged thereby.

## COUNT TWO – BREACH OF CONTRACT

28. At all times material hereto, Miles had a valid and binding written contract with Alcazar and Shriners International for use of it's Montgomery, Alabama facility to conduct a social event for Hispanic and Latino persons.

29. Alcazar and Shriners International breached said contract.

30. Miles has been damaged thereby including but not limited to economic damage, loss of profit, loss of income, damage to business reputation and severe mental anguish.

## COUNT THREE: NEGLIGENCE and WANTONNESS

31. Defendants negligently and/or wantonly breached duties owed Miles by entering into a facility use agreement rental agreement with him knowing that Miles would expend much

6

effort and expense to sponsor, promote and conduct said Latino Night event at it's facility, and then at the last minute canceled said event in violation of Miles' rights. As a proximate cause Miles was caused injury and damage including but not limited to economic damages, loss of income, loss of profit, damage to business reputation and severe mental anguish.

## PRAYER FOR RELIEF

WHEREFORE, THE PREMISES CONSIDERED, Miles pray for relief as follows:

a)  As to claims cognizable under 42 U.S.C. § 1981, grant Miles compensatory damages as against the defendants in the amount of $500,00.00;

b)  As to claims cognizable under 42 U.S.C. § 1981, grant Miles punitive damages as against the defendants in the amount of $1,000,000.00;

c)  As to claims of breach of contract grant Miles compensatory damages in the amount of $500,000.00;

d)  As to the claims of negligence and wantonness grant Miles compensatory damages in the amount of $500,000.00 and punitive damages in the amount of $1,000,000.00;

e)  Grant Miles the costs of this action including a reasonable attorneys fee; and such other, further and different relief as this Court may deem just and proper.

f)  Plaintiff Demands a trial by STRUCK JURY

RESPECTFULLY SUBMITTED this __18__ day of January, 2008.

_[signature]_
G. William Gill   (ASB-2689-I67G)
Officeswgill@bellsouth.net
207 Montgomery Street
Suite 1222
Montgomery, Alabama 26104
334-834-7607 (o)
334-834-3335 (f)

**PLAINTIFF DEMANDS TRIAL BY JURY**

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003424
Cashier ID: brobinso
Transaction Date: 01/18/2008
Payer Name: G WILLIAM GILL
------------------------------------
CIVIL FILING FEE
  For: G WILLIAM GILL
  Case/Party: D-ALM-2-08-CV-000047-001
  Amount:         $350.00
------------------------------------
CHECK
  Check/Money Order Num: 1606
  Amt Tendered:   $350.00
------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

CHRIS MILES V. ALCAZAR SHRINERS ET
AL
```