IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRIS MILES d/b/a LA VEGAS | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  2:08-cv-47-SRW |
| | ) | |
| ALCAZAR SHRINERS, | ) | JURY TRIAL DEMANDED |
| SHRINERS OF NORTH AMERICA, | ) | |
| LEE SIMS, BUDDY HARTIN and | ) | |
| ROMAN HOCHHALTER | ) | |
| | ) | |
|     Defendants. | ) | |

## ANSWER

**COMES NOW,** the defendants in the above-styled cause, Alcazar Shriners, Shriners of North America, Lee Sims, Buddy Hartin and Roman Hochhalter, separately and severally, by and through their undersigned counsel of record, and in answer to the Complaint of the plaintiff herein, avers the following, separately and severally:

    1.    These defendants admit that the plaintiff has brought his cause of action under 42 U.S.C. §1981, 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. §2201, 28 U.S.C. §2202, and the Doctrine of Supplemental Jurisdiction, but deny that there is any basis in law or fact for such causes of action and further denies that the plaintiff has standing to bring said claims and avers that the Court lacks subject matter jurisdiction over said claims.

    2.    These defendants admit that the events forming the basis of the plaintiff's Complaint occurred in Montgomery County and further admit that venue is proper in the United States District Court for the Middle District of Alabama, Northern Division.

    3.    On information and belief, these defendants admit that the plaintiff is over the age of 19 years.  However, these defendants lack knowledge sufficient as to form a belief as to the

truth of the plaintiff's residency and citizenship and, therefore, deny the remaining allegations of Paragraph 3 of the plaintiff's Complaint and demands strict proof thereof.

4.      The defendant Alcazar Shriners admits it is a charitable organization which conducts business at the Alcazar Shriner Center at 555 East Boulevard, Montgomery, Alabama. However, these defendants deny the remaining allegations of Paragraph 4 of the plaintiff's Complaint and demands strict proof thereof.

5.      The defendant Shriners of North America admit that it is a charitable organization whose international headquarters is located in Tampa, Florida. However, these defendants deny the remaining allegations of Paragraph 5 of the plaintiff's Complaint and demand strict proof thereof.

6.      The defendant Lee Sims, Buddy Hartin and Roman Hochhalter admit that they are each over the age of 19 years and that they are citizens of the United States and the State of Alabama. These defendants also admit that at all times relevant to the plaintiff's Complaint they each held positions of authority and/or managerial positions with the Alcazar Shriners. These defendants however deny they are liable to the plaintiff for any monetary damages as alleged in Paragraph 6 in the plaintiff's Complaint and demands strict proof thereof.

7.      Paragraph 7 of the plaintiff's Complaint requires no response by these defendants. To the extent a response is required, these defendants deny each and every material allegation contained in Paragraph 7 of the plaintiff's Complaint and demands strict proof thereof.

8.      Paragraph 8 of the plaintiff's requires no response by these defendants. To the extent a response is required, these defendants deny each and every material allegation contained in Paragraph 8 of the plaintiff's Complaint and demands strict proof thereof.

7.(duplicate)   These defendants deny that Alcazar is a "creature" of the Shriners International, but does admit that the Alcazar Shriners own and operate the Alcazar Shrine Center in Montgomery, Alabama.  These defendants further admit the remaining material allegations contained in Paragraph 7 (duplicate) of the plaintiff's Complaint.

8.(duplicate)   These defendants admit the material allegations contained in Paragraph 8 (duplicate) of the plaintiff's Complaint.

9.   These defendants lack knowledge sufficient as to form a belief as to the truth of the plaintiff's allegations contained in Paragraph 9 because these defendants do not know what the plaintiff alleges to be the definition of a "premises liquor license" and therefore deny said allegations and demand strict proof thereof.

10.   These defendants lack knowledge sufficient as to form a belief as to the truth of the plaintiff's allegations contained in Paragraph 10 of the plaintiff's Complaint and therefore denies said allegations and demands strict proof thereof.

11.   These defendants deny the material allegations contained in Paragraph 11 of the plaintiff's Complaint and demand strict proof thereof.

12.   On information and belief, Alcazar did enter into a facility use lease agreement with the plaintiff but said lease agreement was breached by the plaintiff and/or said event was canceled for legitimate business purposes.  These defendants further deny the material allegations contained in Paragraph 12 of the plaintiff's Complaint and demand strict proof thereof.

13.   These defendants deny the material allegations contained in Paragraph 13 of the plaintiff's Complaint and demands strict proof thereof.

14. These defendants deny the material allegations contained in Paragraph 14 of the plaintiff's Complaint and demands strict proof thereof.

15. These defendants deny the material allegations contained in Paragraph 15 of the plaintiff's Complaint and demands strict proof thereof.

16. These defendants deny the material allegations contained in Paragraph 16 of the plaintiff's Complaint and demands strict proof thereof.

17. These defendants deny the material allegations contained in Paragraph 17 of the plaintiff's Complaint and demands strict proof thereof.

18. These defendants deny the material allegations contained in Paragraph 18 of the plaintiff's Complaint and demands strict proof thereof.

19. These defendants deny the material allegations contained in Paragraph 19 of the plaintiff's Complaint and demands strict proof thereof.

20. These defendants deny the material allegations contained in Paragraph 20 of the plaintiff's Complaint and demands strict proof thereof.

21. These defendants deny the material allegations contained in Paragraph 21 of the plaintiff's Complaint and demands strict proof thereof.

22. These defendants deny the material allegations contained in Paragraph 22 of the plaintiff's Complaint and demands strict proof thereof.

23. Paragraph 23 of the plaintiff's Complaint requires no response by this defendant. To the extent a response is required, this defendant denies the material allegations contained in Paragraph 23 and demands strict proof thereof.

24. These defendants deny the material allegations contained in Paragraph 24 of the plaintiff's Complaint and demands strict proof thereof.

25. These defendants deny the material allegations contained in Paragraph 25 of the plaintiff's Complaint and demands strict proof thereof.

26. These defendants deny the material allegations contained in Paragraph 26 of the plaintiff's Complaint and demands strict proof thereof.

27. These defendants deny the material allegations contained in Paragraph 27 of the plaintiff's Complaint and demands strict proof thereof.

28. These defendants admit the existence of a written contract between the plaintiff and the defendant Alcazar Shriners, however, these defendants aver that the plaintiff failed to abide by the terms of the contract and further aver that said agreement with the plaintiff was terminated for legitimate business purposes. These defendants further deny the material allegations contained in Paragraph 28 not specifically admitted herein and demand strict proof thereof.

29. These defendants deny the material allegations contained in Paragraph 29 of the plaintiff's Complaint and demands strict proof thereof.

30. These defendants deny the material allegations contained in Paragraph 30 of the plaintiff's Complaint and demands strict proof thereof.

31. These defendants deny the material allegations contained in Paragraph 31 of the plaintiff's Complaint and demands strict proof thereof.

32. The plaintiff's Complaint contains a prayer for relief for which a response is not required. To the extent a response is required, these defendants deny each and every material allegation contained in the plaintiff's prayer for relief and demand strict proof thereof and deny that the plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

The defendants in the above-styled cause, separately and severally, by and through their undersigned counsel of record, and pursuant Rule 8 of the <u>Federal Rules of Civil Procedure</u> state for their affirmative defenses to the plaintiff's Complaint the following, separately and severally:

### FIRST AFFIRMATIVE DEFENSES

As to their first affirmative defense, and without prejudice to their denials and other statements contained in the pleadings, these defendants allege that the plaintiff's Complaint and each purported cause of action asserted therein against these defendants fails to set forth facts sufficient to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

These defendants aver that the plaintiff lacks standing to bring claims pursuant to 42 U.S.C. §1981.

### THIRD AFFIRMATIVE DEFENSE

These defendants aver that the Court lacks subject matter jurisdiction over the plaintiff's claims.

### FOURTH AFFIRMATIVE DEFENSE

These defendants aver that the plaintiff lacks standing because there is no case or controversy required by Article 3 of the United States Constitution.

### FIFTH AFFIRMATIVE DEFENSE

These defendants aver that the plaintiff has no standing to seek injunctive relief.

### SIXTH AFFIRMATIVE DEFENSE

These defendants deny that their actions were intentional or wanton.

## SEVENTH AFFIRMATIVE DEFENSE

These defendants deny that the plaintiff is an appropriate representative of a protected class to bring this action.

## EIGHTH AFFIRMATIVE DEFENSE

These defendants aver that the plaintiff has failed to mitigate his damages in this action.

## NINTH AFFIRMATIVE DEFENSE

These defendants aver that the plaintiff has failed to meet the jurisdictional prerequisite for filing suit and has failed to exhaust any applicable administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

These defendants aver that at all times material hereto, they acted in good faith and according to the law and have legitimate, non-discriminatory reasons for any action taken.

## ELEVENTH AFFIRMATIVE DEFENSE

These defendants aver that any conduct complained of by the plaintiff against these defendants was non-discriminatory.

## TWELFTH AFFIRMATIVE DEFENSE

These defendants aver that the plaintiff breached his contract with these defendants by not abiding by the contract terms and conditions.

## THIRTEENTH AFFIRMATIVE DEFENSE

These defendants aver that any contractual relationship between the plaintiff and these defendants was terminated prior to any alleged discriminatory acts.

## FOURTEENTH AFFIRMATIVE DEFENSE

These defendants aver a lack of causal connection or proximate cause between the protected activity engaged and the subsequent action.

### FIFTEENTH AFFIRMATIVE DEFENSE

These defendants deny that any action taken by them in terminating the plaintiff's contract was motivated by racial prejudice or intentional discrimination.

### SIXTEENTH AFFIRMATIVE DEFENSE

These defendants aver that at all material times hereto their actions were based on legitimate non-discriminatory reasons.

### SEVENTEENTH AFFIRMATIVE DEFENSE

These defendants aver that all actions taken by them were motivated by legitimate business purposes.

### EIGHTEENTH AFFIRMATIVE DEFENSE

These defendants aver that any contractual arrangement between the plaintiff and the defendants was terminable at will, or in the alternative, these defendants aver that the plaintiff breached the material terms of the plaintiff's contractual relationship which allowed for the contractual relationship to be terminated.

### NINETEENTH AFFIRMATIVE DEFENSE

These defendants aver that the plaintiff's claims are barred by the statute of fraud.

### TWENTIETH AFFIRMATIVE DEFENSE

These defendants aver that the plaintiff was contributorily negligent.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

These defendants aver that the plaintiff's claims are barred by fraud and/or fraud in the inducement.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

These defendants aver that the plaintiff's claims are barred by waiver and/or estoppel.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

These defendants aver that the plaintiff's alleged damages, if any, were directly and proximately caused by the plaintiff's own conduct.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

These defendants plead the applicability of 42 U.S.C. §1981 and any damage limitations contained therein.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

These defendants aver that the plaintiff has failed to state a claim upon which punitive damages may be awarded to the plaintiff.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

These defendants deny that they acted with malice or reckless disregard to the plaintiff's federally protected rights.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's demand for punitive damages violates the due process clause of the Fourteenth Amendment of the United States Constitution in that punitive damage awards in Alabama are not governed by any specific or adequate standards, are not based upon rational distinctions, do not serve any legitimate state and/or government interest and are vague and arbitrary.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's demand for punitive damages violates the Sixth Amendment of the United States Constitution in that punitive damage are penal in nature, yet the Defendants are not given the same procedural safeguards accorded to criminal Defendants under the Sixth Amendment.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The plaintiff's demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that punitive damages are penal in nature, yet defendants are required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

### THIRTIETH AFFIRMATIVE DEFENSE

The plaintiff's demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty or property except by due process of law, in that punitive damage awards are not governed by any specific or adequate standards, are not based upon rational distinctions, do not serve any legitimate state and/or government interest and are vague and arbitrary.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The plaintiff's demand for punitive damages violates the rights guaranteed by the United States Constitution in that punitive damages are penal in nature, yet the burden of proof on the plaintiffs are less than the "beyond a reasonable doubt" standard required in criminal cases.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The plaintiff's demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6 that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damage awards in Alabama are not governed by any specific or adequate standards, are not based upon rational distinctions, do not serve any legitimate state and/or government interest, and are vague and arbitrary.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The plaintiff's demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6 that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are penal in nature, yet the burden of proof on the plaintiffs are less than "beyond a reasonable doubt" standard required in criminal cases.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The plaintiff's demand for punitive damages is unconstitutional under Constitution of the State of Alabama in that it violates Article I, Section 6, in that punitive damage awards are penal in nature, yet defendants are compelled to disclose documents and/or other evidence without constitutional safeguard against self-incrimination.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Any award of punitive damages to plaintiffs in this case would violate the constitutional safeguards provided to the defendants under the Constitution of the United States of America. Plaintiff is not entitled to recover and cannot establish any right to recover punitive damages under any federal law or standard.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

These defendants reserve the right to amend their Answer to plaintiff's Complaint to include additional defenses, including affirmative defenses, pending completion of discovery in this case and within the orders and guidelines of this Honorable Court.

        __s/__ N. Gunter Guy, Jr.
**N. GUNTER GUY, JR. (GUY004)**
Attorney for defendants,
Alcazar Shriners,
Shriners of North America,
Lee Sims, Buddy Hartin and
Roman Hochhalter
BALL, BALL, MATTHEWS & NOVAK
Post Office Box 2148
Montgomery, AL 36102
(334) 387-7680
(334) 387-3222 Fax
gguy@ball-ball.com

DEFENDANTS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

G. William Gill
207 Montgomery St., Ste. 1222
Montgomery, AL 36104

        __s/__ N. Gunter Guy, Jr.___
        OF COUNSEL